# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC RUDOLPH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-1121 |
| | ) | |
| v. | ) | |
| | ) | |
| LOUIS S. FOLINO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Eric Rudolph be dismissed because it is a second or successive petition. It is likewise recommended that a certificate of appealability be denied.

### II. REPORT

**A. Discussion**

Eric Rudolph ("Rudolph" or "the Petitioner"), a state prisoner, has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254. He seeks to challenge his 1994 state conviction for criminal homicide. Rudolph filed a prior § 2254 petition at Civil Action No. 03-92, which was denied because it was untimely filed.

The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA") restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. Tyler v. Cain, 533 U.S. 656, 661-62 (2001). If the prisoner asserts a claim that he or she has already raised in a previous federal habeas petition, the claim must be dismissed. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not raised in a previous petition, the claim must also be dismissed -unless it falls within one of two narrow exceptions. One of the exceptions is reserved for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. § 2244(b)(2)(B). The other exception relates to claims relying on new rules of constitutional law. 28 U.S.C. § 2244(b)(2)(A). In both instances, however, if a prisoner opts to file a second or successive section 2254 petition, AEDPA requires that the petitioner first seek authorization from the Court of Appeals. 28 U.S.C. § 2244(3)(A).

Rudolph has already filed a "first" petition for purposes of the AEDPA, and he may not now seek habeas relief with respect to the same state court conviction unless he has first moved "in the appropriate court of appeals for an order authorizing the district court to consider the [second or subsequent] application." 18 U.S.C. § 2244(b)(3)(a). Clearly, this Court cannot exercise jurisdiction here because the plain language of AEDPA requires that Rudolph receive the authorization of the

Court of Appeals. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002); United States v. Kelly, No. 97-0193, 2001 WL 1251208, at *1 (E.D. Pa. July 23, 2001)("Thus, this court is without jurisdiction to review [the] current petition before appropriate action is taken in the Court of Appeals.").

B. **Certificate of Appealability**

A certificate of appealability should be denied because Rudolph has not shown that jurists of reason would disagree that his federal habeas petition represents a second or subsequent habeas petition. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000)(explaining standard for grant of a certificate of appealability where court does not address petition on the merits but rather on a procedural ground); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

III. **CONCLUSION**

It is recommended that Eric Rudolph's Petition for Writ of Habeas Corpus be dismissed because it is a second or successive petition. It is likewise recommended that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due by December 5, 2007. Failure to

timely file objections may constitute a waiver of any appellate rights.

                                        <u>s/Francis X. Caiazza</u>
                                        Francis X. Caiazza
                                        United States Magistrate Judge

Dated: November 19, 2007

cc:
ERIC RUDOLPH
CK-0358
SCI Greene
175 Progress Drive
Waynesburg, PA 15370